STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

May 1, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT A. JAMES,**
**Claimant Below, Petitioner**

**vs.) Nos. 12-1128** (BOR Appeal Nos. 2046874, 2046811, 2046812, 2047208,
 **12-1129**  2047288)
 **12-1130** (Claim No. 2000015524)
 **12-1382**
 **13-0013**

**CONSOLIDATION COAL COMPANY/**
**EASTERN REGION SHOE/MAKER,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Robert A. James, by M. Jane Glauser, his attorney, appeals five separate decisions of the West Virginia Workers' Compensation Board of Review.[1] Consolidation Coal Company, by Edward George III, its attorney, filed timely responses.

In Case Number 12-1128, Mr. James appeals the Board of Review's Final Order dated August 31, 2012, in which the Board affirmed a January 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Mr. James's request for attorney's fees and costs arising from the litigation of the claims administrator's February 24, 2011, decision denying Mr. James's request for authorization of aquatic therapy. In Case Number 12-1129, Mr. James appeals the Board of Review's Final Order dated August 31, 2012, in which the Board reversed a January 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Mr. James's request for attorney's fees and

---

[1] On September 26, 2012, Mr. James requested by written motion that this Court consolidate Case Numbers 12-1128, 12-1129, and 12-1130. On November 26, 2012, Mr. James requested by written motion that this Court consolidate Case Number 12-1382 with Case Numbers 12-1128, 12-1129, and 12-1130. On January 4, 2013, Mr. James requested by written motion that this Court consolidate Case Number 13-0013 with Case Numbers 12-1128, 12-1129, 12-1130, and 12-1382. Upon consideration, this Court granted Mr. James's motions and consolidated all five appeals.

costs arising from the litigation of the claims administrator's February 16, 2011, decision denying Mr. James's request for authorization of the medication Lexapro. In Case Number 12-1130, Mr. James appeals the Board of Review's Final Order dated August 31, 2012, in which the Board reversed a January 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Mr. James's request for attorney's fees and costs arising from the litigation of the claims administrator's February 16, 2011, decision denying Mr. James's request for authorization of the medication Testosterone Cypionate. In Case Number 12-1382, Mr. James appeals the Board of Review's Final Order dated October 24, 2012, in which the Board affirmed an April 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Mr. James's request for attorney's fees and costs arising from the litigation of the claims administrator's June 15, 2011, decision denying authorization for testosterone level testing. In Case Number 13-0013, Mr. James appeals the Board of Review's Final Order dated December 6, 2012, in which the Board reversed a June 1, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Mr. James's request for attorney's fees and costs arising from the litigation of the claims administrator's July 21, 2011, decision denying authorization for the medication Lexapro. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. James was injured on August 13, 1999, in a vehicular accident while exiting an underground coal mine and the claim was held compensable for numerous conditions. Mr. James has requested attorney's fees and costs arising from the litigation and reversal of multiple claims administrator's decision denying authorization for various medical benefits. As noted above, all five of the requests for attorney's fees and costs have been consolidated for purposes of consideration and decision upon the filing of multiple motions by Mr. James.

West Virginia Code § 23-2C-21(c) (2009) states:

> Upon a determination by the Office of Judges that a denial of compensability, a denial of an award of temporary total disability or a denial of an authorization for medical benefits was unreasonable, reasonable attorney's fees and the costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant and paid by the private carrier or self-insured employer which issued the unreasonable denial. A denial is unreasonable if, after submission by or on behalf of the claimant, of evidence of the compensability of the claim, the entitlement to temporary total disability benefits or medical benefits, the private carrier or self-insured employer is unable to demonstrate that it had

2

evidence or a legal basis supported by legal authority at the time of the denial which is relevant and probative and supports the denial of the award or authorization.

In Case Number 12-1128, Mr. James seeks attorney's fees and costs arising from the litigation and reversal of a February 24, 2011, claims administrator's decision denying authorization for aquatic therapy. On July 26, 2011, the Office of Judges reversed the February 24, 2011, claims administrator's decision pursuant to West Virginia Code § 85-20-19.3(m) (2006), which states that aquatic therapy will not be authorized unless it is performed under the direct supervision of a physical therapist. In an Order dated January 11, 2012, the Office of Judges held that Mr. James is not entitled to an award of attorney's fees and costs stemming from the litigation of the February 24, 2011, claims administrator's decision. In its Order, the Office of Judges found that the claims administrator initially denied Mr. James's request for authorization of aquatic therapy pending verification of the aquatic therapy provider's credentials. The Office of Judges further found that the July 26, 2011, reversal of the claims administrator's decision was based on a report from Roland Chalifoux Jr., D.O., Mr. James's treating physician, dated March 16, 2011, verifying that the aquatic therapy provider is supervised by a physical therapist. This verification from Dr. Chalifoux did not occur until approximately three weeks after the claims administrator's decision. The Office of Judges concluded that the claims administrator's denial of the request for authorization of aquatic therapy was not unreasonable. Therefore, the Office of Judges further concluded that an award of attorney's fees and costs is not warranted with respect to the February 24, 2011, denial of authorization for aquatic therapy. The Board of Review reached the same reasoned conclusions in its decision of August 31, 2012. We agree with the reasoning and conclusions of the Board of Review.

In Case Number 12-1129, Mr. James seeks attorney's fees and costs arising from the litigation and reversal of a February 16, 2011, claims administrator's decision denying authorization for the medication Lexapro. On July 26, 2011, the Office of Judges reversed the February 16, 2011, claims administrator's decision and authorized the use of Lexapro to treat Mr. James's compensable depression in replacement of the medication Cymbalta. In an Order dated January 11, 2012, the Office of Judges awarded Mr. James attorney's fees and costs stemming from the litigation and reversal of the February 16, 2011, claims administrator's decision. The Office of Judges found that the claims administrator denied Dr. Chalifoux's February 7, 2011, request for authorization of the medication Lexapro based on a finding that there is no medical documentation to justify a change in Mr. James's medication. The Office of Judges found that both Cymbalta and Lexapro are Schedule IV drugs and concluded that a request for the authorization of Lexapro was submitted within the proper time frame pursuant to West Virginia Code of State Rules § 85-20-53.14(d) (2006). The Office of Judges then concluded that the claims administrator's denial of the request for authorization of Lexapro was unreasonable. In an Order dated August 31, 2012, the Board of Review reversed the Office of Judges' January 11, 2012, Order and held that Mr. James is not entitled to attorney's fees and costs arising from the litigation and reversal of the February 16, 2011, claims administrator's decision denying authorization for Lexapro. The Board of Review noted that the Office of Judges relied on a finding that Lexapro is a Schedule IV drug. However, the Board of Review found that Lexapro is not listed on any of the Drug Enforcement Administration's controlled

substance schedules. The Board of Review further found that the claims administrator did not possess any evidence providing an explanation or justification for switching Mr. James's medication from Cymbalta to Lexapro at the time of its February 16, 2011, denial. We find that the decision of the Board of Review is based upon a mischaracterization of the evidentiary record. The evidence of record demonstrates that the request for the authorization of Lexapro was submitted to the claims administrator within the proper time frame pursuant to West Virginia Code of State Rules § 85-20-53.14(d), and was within all parameters set by West Virginia Code of State Rules § 85-20 (2006). We therefore find that Mr. James is entitled to attorney's fees and costs as determined by the Office of Judges.

In Case Number 12-1130, Mr. James seeks attorney's fees and costs arising from the litigation and reversal of a February 16, 2011, claims administrator's decision denying authorization for the medication Testosterone Cypionate. On July 26, 2011, the Office of Judges reversed the February 16, 2011, claims administrator's decision and authorized the use of Testosterone Cypionate. In an Order dated January 11, 2012, the Office of Judges awarded Mr. James attorney's fees and costs stemming from the litigation and reversal of the February 16, 2011, claims administrator's decision. The Office of Judges found that authorization requests for Testosterone Cypionate from Dr. Chalifoux note that Mr. James suffers from low testosterone due to chronic opioid use necessitated by his occupational injuries. In an Order dated August 31, 2012, the Board of Review reversed the Office of Judges' January 11, 2012, Order and held that Mr. James is not entitled to attorney's fees and costs stemming from the litigation and reversal of the February 16, 2011, claims administrator's decision denying authorization for Testosterone Cypionate. The Board of Review found that the claims administrator denied the request for authorization of Testosterone Cypionate based on a finding that there is insufficient medical documentation to justify the request. The Board of Review further found that pursuant to West Virginia Code of State Rules § 85-20-54.1 (2006), prescriptions for injectable hormones will not be authorized unless the circumstances in a particular case fall within the categories contained in West Virginia Code of State Rules § 85-20-54.2b (2006). Based on the foregoing, the Board of Review concluded that the February 16, 2011, denial of the request for authorization of Testosterone Cypionate was not unreasonable and further concluded that Mr. James is not entitled to attorney's fees and costs arising from the litigation and reversal of that decision. We find that the decision of the Board of Review is based upon a mischaracterization of the evidentiary record. The evidence before the claims administrator demonstrated that Mr. James suffers from low testosterone due to chronic opioid use necessitated by his occupational injuries, which Dr. Chalifoux has successfully treated with Testosterone Cypionate. We therefore find that Mr. James is entitled to attorney's fees and costs as determined by the Office of Judges.

In Case Number 12-1382, Mr. James seeks attorney's fees and costs arising from the litigation and reversal of a June 15, 2011, claims administrator's decision denying authorization for testosterone level testing. On October 26, 2011, the Office of Judges reversed the June 15, 2011, claims administrator's decision and authorized testosterone level testing based on a finding that it is medically related and reasonably required for the treatment of Mr. James's compensable injuries. In an Order dated April 18, 2012, the Office of Judges held that Mr. James is not entitled to an award of attorney's fees and costs stemming from the litigation of the June 15, 2011, decision. In its Order, the Office of Judges found that the claims administrator initially

denied authorization for testosterone level testing because the claims administrator's February 16, 2011, denial of authorization for the medication Testosterone Cypionate was still in litigation at the time authorization was requested for testosterone level testing. The Office of Judges then found that although the record indicates that Mr. James received testosterone injections prior to the reversal of the denial of authorization for Testosterone Cypionate, the record does not indicate that the claims administrator had authorized its use. The Office of Judges concluded that the claims administrator's denial of the request for authorization of testosterone level testing was not unreasonable, and further concluded that an award of attorney's fees and costs is not warranted with respect to the June 15, 2011, denial of authorization for testosterone level testing. The Board of Review reached the same reasoned conclusions in its decision of October 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

In Case Number 13-0013, Mr. James seeks attorney's fees and costs arising from the litigation and reversal of a July 21, 2011, claims administrator's decision denying authorization for the medication Lexapro. The Office of Judges reversed the July 21, 2011, claims administrator's decision and authorized the use of Lexapro to treat Mr. James's compensable depression in replacement of the medication Cymbalta. In an Order dated June 1, 2012, the Office of Judges awarded Mr. James attorney's fees and costs arising from the litigation and reversal of the July 21, 2011, claims administrator's decision. The Office of Judges noted that the claims administrator denied authorization for Lexapro because authorization for the medication had been previously denied and no medical justification for a change in medication had been submitted. As in Case Number 12-1129, the Office of Judges found that Lexapro is a Schedule IV drug and concluded that a request for the authorization of Lexapro was submitted within the proper time frame pursuant to West Virginia Code of State Rules § 85-20-53.14(d). Again, the Office of Judges concluded that the claims administrator's denial of the request for authorization of Lexapro was unreasonable. In an Order dated December 6, 2012, the Board of Review reversed the Office of Judges' June 1, 2012, Order and held that Mr. James is not entitled to attorney's fees and costs arising from the litigation and reversal of the July 21, 2011, claims administrator's decision. The Board of Review found that on July 18, 2011, Dr. Chalifoux signed a request for authorization of Lexapro and did not include any explanation concerning his request. The Board of Review then found that since Dr. Chalifoux was prescribing Lexapro to replace a previously approved medication, it was reasonable and necessary for Mr. James to provide the claims administrator with detailed medical documentation pertaining to the new medication request. The Board of Review then concluded that the July 21, 2011, claims administrator's denial of the request for authorization of Lexapro was not unreasonable and further concluded that Mr. James is not entitled to attorney's fees and costs arising from the litigation and reversal of that decision. We find that the decision of the Board of Review is based upon a mischaracterization of the evidentiary record. The evidence of record demonstrates that the request for the authorization of Lexapro was submitted to the claims administrator within the proper time frame pursuant to West Virginia Code of State Rules § 85-20-53.14(d), and was within all parameters set by West Virginia Code of State Rules § 85-20. We therefore find that Mr. James is entitled to attorney's fees and costs as determined by the Office of Judges.

In summary, the decisions of the Board of Review are affirmed in Case Number 12-1128 and Case Number 12-1382. In Case Numbers 12-1129, 12-1130, and 13-0013, the decisions of

5

the Board of Review are reversed and the cases are remanded with instructions to reinstate the January 11, 2012, Order of the Office of Judges granting Mr. James's request for attorney's fees and costs arising from the litigation of the claims administrator's February 16, 2011, decision denying Mr. James's request for authorization of the medication Lexapro; the January 11, 2012, Order of the Office of Judges granting Mr. James's request for attorney's fees and costs arising from the litigation of the claims administrator's February 16, 2011, decision denying Mr. James's request for authorization of the medication Testosterone Cypionate; and the June 1, 2012, Order of the Office of Judges granting Mr. James's request for attorney's fees and costs arising from the litigation of the claims administrator's July 21, 2011, decision denying authorization for the medication Lexapro.

Case Numbers 12-1128 and 12-1382 are Affirmed.
Case Numbers 12-1129, 12-1130, and 13-0013 are Reversed and Remanded.

**ISSUED:  May 1, 2014**

**CASE NUMBERS 12-1128 and 12-1382**
**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum

**CASE NUMBERS 12-1129, 12-1130, and 13-0013**
**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Chief Justice Robin J. Davis
Justice Allen H. Loughry II